IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:08CR3002 |
| v. | ) | |
| JESSE MIKAL ANDERSON, | ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) | |

This matter is before me for initial review of a motion under [28 U.S.C. § 2255](#) to vacate, set aside or correct sentence by a person in federal custody ("§ 2255 motion") filed by Defendant, Jesse Anderson.[1] [(Filing 92.)](#) The motion will be denied.

I.  **Background**

On July 3, 2008, pursuant to a plea agreement, Defendant was sentenced to a

---

[1]When a § 2255 motion is forwarded to a judge,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the [Rules Governing Section 2255](#) Proceedings for the United States District Courts.

term of 106 months in prison, followed by 5 years of supervised release, after pleading guilty to charges of possession with intent to distribute methamphetamine ("Count I") and possession of a firearm in relation to a drug trafficking crime ("Count II").

In his § 2255 motion, Defendant contends that he received ineffective assistance of counsel, in that his attorney, John Berry, (1) allegedly failed to advise him that in order for him to be convicted on Count II, the prosecution had to show that there was a nexus or connection between Defendant's possession of the firearms and the drug crime; and (2) failed to object to Count II during the sentencing process ([filing 92](filing 92)). Defendant also maintains that his conviction and sentence violate the First, Fourth, Fifth, Sixth and Eighth Amendments of the Constitution. (*[Id.](Id.)*) It plainly appears that each of Defendant's claims are without merit.

## II. Analysis

In order to prevail on a claim of ineffective assistance of counsel, Defendant must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *[Nguyen v. United States](Nguyen v. United States)*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). The court need not address both components if the movant makes an insufficient showing on one of the prongs. *[Engelen v. United States](Engelen v. United States)*, 68 F.3d 238, 240-41 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

When a guilty plea is challenged under the second prong of the *Strickland* test the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial." *Nguyen*, 114 F.3d at 704 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Id.* at 703 (internal quotations and citation omitted).

Defendant has made no credible allegations that he received ineffective assistance of counsel. Defendant has wholly failed to present any information to suggest that John Berry, his able and experienced lawyer, engaged in malpractice or that Defendant was prejudiced by anything Mr. Berry did or did not do. To the contrary, Defendant's claims of ineffective assistance of counsel are refuted by the record. Specifically, the record is clear that Defendant was advised, and understood, that to secure a conviction for Count II, the government had to present evidence from which a jury could find a "nexus" between the defendant's possession of the charged firearm and the drug crime. *See United States v. Sanchez-Garcia,* 461 F.3d 939, 946 (8th Cir. 2006) (quoting *United States v. Hamilton,* 332 F.3d 1144, 1149 (8th Cir.2003)).

At Defendant's change of plea hearing held before Magistrate Judge Piester on April 16, 2008, the charges levied against Defendant were explained to him and Defendant stated that he understood the charges (filing 62 at pp. 5:8-7:2). Defendant testified that he agreed that there was evidence from which a jury could infer a connection between the drugs and the guns (filing 62 at pp. 24:24-25:3). Further, Defendant testified that although (according to him) the guns had nothing to do with the drugs, he recognized that a jury could see a connection and, for that reason, he decided to plead guilty (filing 62 at p. 25:12-20). Thus, contrary to Defendant's assertion, the record shows that Defendant was well-aware that a connection between

the guns and drug trafficking charges was necessary in order for him to be convicted on Count II.[2]

Moreover, even if Defendant could demonstrate that he was not advised as to the evidence needed to convict him on Count II, Defendant cannot show that there is a reasonable probability that the result would have been different, had he been so advised. As previously stated, to secure a conviction under 18 U.S.C. § 924(c)(1)(A) for possession of a firearm in furtherance of a drug trafficking crime, "the government must present evidence from which a reasonable juror could find a 'nexus' between the defendant's possession of the charged firearm and the drug crime, such that this possession had the effect of 'furthering, advancing or helping forward' the drug crime." *United States v. Sanchez-Garcia,* 461 F.3d 939, 946 (8th Cir.2006) (quoting *United States v. Hamilton,* 332 F.3d 1144, 1149 (8th Cir.2003)). However, the Eighth Circuit has held that a firearm's close proximity to drugs provides sufficient evidence to support a conviction of use of a firearm in drug trafficking. *See United States v. Cave,* 293 F.3d 1077, 1079 (8th Cir.2002) ( "[E]vidence that the weapon was found in the same location as drugs or drug paraphernalia usually suffices."). Here, the drugs and weapons were found in the vehicle occupied by Defendant. Defendant testified that he was aware that those items were in the vehicle (filing 62 at p. 23:19-21). Given the circumstances of the search, as well as Eighth Circuit precedent, Defendant suffered no prejudice relating to the gun charge.

Defendant also maintains that his conviction and sentence violate the First, Fourth, Fifth, Sixth and Eighth Amendments of the Constitution. However, Defendant does not allege any specific facts supporting these claims. Rather, Defendant's claims of constitutional violations are based upon generalized assertions.

---

[2] Notably, at the hearing, Defendant also testified that he was satisfied with defense counsel's representation and that counsel investigated his case to Defendant's satisfaction (filing 62 at p. 9:3-12).

4

For that reason alone, his § 2255 motion on this ground will be denied. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) ("Hollis' vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.").

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 (filing 92) is denied. A separate judgment will be issued.

July 28, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.